Steven D. Allison (CSB No. 174491)
sallison@crowell.com
Samrah Mahmoud (CSB No. 285168)
smahmoud@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone: 949.263.8400
Facsimile: 949.263.8414

Gregory D. Call (CSB No. 120483)
gcall@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Emily Kuwahara (CSB No. 252411)
ekuwahara@crowell.com
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Attorneys for Defendant
Luxottica Retail North America Inc. dba LensCrafters
(erroneously sued as Luxottica Retail North America, LLC and
as LensCrafters, Inc.)

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Rachel Smith, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LensCrafters, Inc., an Ohio Corporation; Luxottica Group S.p.A., an Italian corporation; Luxottica Retail North America, LLC, an Ohio Corporation, and Does 1 through 100, Inclusive.<br>Defendant. | Case No. **'14CV0366 LAB NLS**<br><br>**CLASS ACTION**<br><br>Miscellaneous Action (Statutory Action Under California law)<br><br>**NOTICE OF REMOVAL OF DEFENDANT LUXOTTICA RETAIL NORTH AMERICA INC.**<br><br>Complaint Filed: November 05, 2013 |

# NOTICE OF REMOVAL OF DEFENDANT LUXOTTICA RETAIL NORTH AMERICA INC.

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Luxottica Retail North America Inc. dba LensCrafters ("LRNA"), erroneously sued as Luxottica Retail North America, LLC, and LensCrafters, Inc., pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, hereby removes the above-captioned putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff Rachel Smith ("Plaintiff"), and filed with the Clerk of the California Superior Court of the County of San Diego.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On November 5, 2013, Plaintiff filed a purported class action captioned *Rachel Smith v. LensCrafters, Inc.*, Case No. 37-2013-00074236-CU-MC-CTL, against Luxottica Group, S.p.A. and LRNA, erroneously sued as Luxottica Retail North America, LLC, and as LensCrafters, Inc.[1] in the California Superior Court for the County of San Diego ("State Court Action").

2. LRNA was served with the State Court Action Summons and Complaint on January 22, 2014.[2] This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon LRNA in the State Court Action are attached to this Notice as Exhibit A.

---

[1] Plaintiff named LensCrafters, Inc. in her Complaint, but LensCrafters, Inc. did not exist during the putative class period. Rather, currently and during the putative class period, LensCrafters is a dba for LRNA.

[2] As of the date of this filing, Luxottica Group, S.p.A. has not been served.

3. The California Superior Court for the County of San Diego is located within the Southern District of California. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**NO JOINDER NECESSARY**

4. No other Defendants are required to consent to this removal. 28 U.S.C. § 1453(b).

**ALLEGATIONS OF THE COMPLAINT**

5. This action is a putative class action against Defendants on behalf of "all individuals who, within four years preceding the filing of th[e] complaint, purchased eye examinations and/or eyewear at a LensCrafters store after examination by an optometrist affiliated with the LensCrafters store." (Ex. A, Compl. ¶ 15.) Plaintiff alleges that Defendants "offer customers the ability to obtain both an eye examination from an optometrist and eyewear from an optician in its retail stores" in violation of California law. (*Id.* ¶ 28.) Plaintiff also alleges that Defendants "further violated California law" by (1) "creating an atmosphere in which professional licensed optometrists operate for all practical purposes under the influence and control of LensCrafters retail stores" and (2) "advertising the joint nature of its optometrist-retail operation." (*Id.* ¶ 29.)

6. On behalf of Plaintiff and the putative classes, the Complaint attempts to state claims for (1) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200 *et seq.*; and (2) violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq*. (*Id.* ¶¶ 34-48.) The Complaint seeks compensatory damages, statutory damages, restitution, disgorgement of profits, attorneys' fees, costs, punitive damages, pre-judgment interest, and injunctive relief. (*Id.* at 12, Prayer for Relief.)

///
///
///

7. LRNA disputes Plaintiff's allegations, asserts Plaintiff lacks standing and the Complaint lacks merit, and denies that Plaintiff or the putative class members have been harmed in any way.[3]

**BASIS FOR REMOVAL**

8. This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions such as this one, in which the amount in controversy exceeds $5,000,000 and any member of plaintiffs is a citizen of a State different from any defendant. Additionally, to be removable, the putative class must consist of 100 or more members. 28 U.S.C. § 1332(d)(5). As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013).

9. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a),(b).

**A. The Proposed Class Consists of More Than 100 Persons.**

10. Plaintiff seeks to represent "all individuals who, within four years preceding the filing of this complaint, purchased eye examinations and/or eyewear at a LensCrafters store after examination by an optometrist affiliated with the LensCrafters store." (Ex. A, Compl. ¶ 15.) During the putative class period, there were well over 100 purchases of ophthalmic products at LensCrafters locations in California based on a prescription from an optometrist at the same location. (*See*

---

[3] *See Key v. DSW Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

Ex. B., Schuster Decl. ¶ 4). In January 2010 alone, there were well over 100 purchases of ophthalmic products at LensCrafters locations in California based on a prescription from an optometrist at the same location. (*Id.*) Further, Plaintiff does not limit her Complaint to California; as a result, sales outside California are arguably also in controversy. Accordingly, based on Plaintiff's allegations and LRNA's records, the number of putative class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. There is Minimal Diversity Between the Parties.

11. The required diversity of citizenship under CAFA is satisfied where, as here, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that Defendant LensCrafters is an Ohio corporation with its principal place of business in Mason, Ohio,[4] and that Defendant Luxottica Group, S.p.A. is an Italian corporation with its corporate headquarters in Milan, Italy. (Ex. A, Compl. ¶¶ 5, 7.) Plaintiff also alleges that Defendant LRNA is an Ohio corporation with its corporate headquarters in Mason, Ohio. (*Id.* ¶ 6.) Thus, for purposes of removal, Luxottica Group, S.p.A. is an Italian citizen, and all other defendants are citizens of Ohio. *See* 28 U.S.C. § 1332(c)(1). Plaintiff, however, is a citizen of California, and is therefore diverse from not only one, but all Defendants. (*Id.* ¶ 4.)

### C. The Aggregate Amount in Controversy More Likely Than Not Exceeds $5,000,000.

12. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The Court engages in amount-in-controversy analysis with an eye

---

[4] As noted above, LensCrafters was merely a dba for LRNA during the putative class period.

toward reaching a reasonable reading of the value of the rights being litigated. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648, No. 12-55052, 2012 WL 746276, at *1 (9th Cir. Mar. 8, 2012) (internal citation and quotation marks omitted).

13. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). The Complaint seeks, among other relief, compensatory damages, restitution, and attorneys' fees and costs. (Ex. A, Compl. at 12, Prayer for Relief.) Without conceding any merit to the Complaint's damages allegations or claims, the amount in controversy here satisfies CAFA's jurisdictional threshold.

14. The Complaint does not specify an amount of damages sought. Plaintiff states only that the "damages sought by the Class are well in excess of th[e] [state court's] jurisdictional threshold of $25,000." (*Id.* ¶ 13.) "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [w]e apply a preponderance of the evidence standard." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The preponderance of the evidence standard applies equally to complaints filed under CAFA. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). In proving the amount in controversy the removing party "may rely on calculations to satisfy their burden so long as their calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-1141-CJC (FFMx) 2011 WL 499390, at *2 (C.D.

Cal. Feb. 10, 2011) (citing *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)).

15. Thus, in order to demonstrate federal jurisdiction under CAFA, LRNA must establish by a preponderance of the evidence that the aggregate damages sought by the class, exclusive of interest and costs, exceeds $5,000,000. The court may consider facts presented in the Complaint and removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Is. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation marks omitted).

16. The amount in controversy with respect to compensatory damages and restitution exceeds $5,000,000. The Complaint alleges that Plaintiff "would have not agreed to undergo what amounts to an illegal eye examination had she known that Defendants' joint enterprise was illegal/and or the rationales which prompted the California Legislature to ban the practice." (Ex. A, Compl. ¶ 33.) Plaintiff further alleges that she paid more for her eyewear than she otherwise would have if Defendants did not operate in violation of California law, and she alleges that Defendants caused financial damage to class members by, among other things, misrepresenting their "affiliation, connection, or association with, or certification by, another," and by "representing that the subject of a transaction had been supplied in accordance with a previous representation when it has not." (*Id.* ¶¶ 32, 44.2, 44.6 (internal quotation marks omitted).)

17. Plaintiff appears to be seeking compensatory damages and restitution for all purchases of ophthalmic products at a LensCrafters location. (Ex. A, Compl., ¶¶ 32, 33, 44; *id.* at 12, Prayer for Relief.) LRNA's net revenue for all ophthalmic products sold in California greatly exceeded $5,000,000 in each of the years at issue in this litigation. (Ex. B., Schuster Decl. ¶ 4.) Further, Plaintiff does not limit her Complaint to California residents or California purchases.

18. The amount in controversy therefore meets the $5,000,000 requirement, even without considering plaintiffs' request for injunctive relief. (*See id.* at 12, Prayer for Relief.) Thus, while LRNA disputes that it is liable to Plaintiff or any of the putative class members, or that Plaintiff or the putative class members suffered any injury or incurred any damages in any amount whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount in controversy exceeds $5,000,000.

19. Plaintiff also seeks an award of attorneys' fees. (*Id.*) Attorneys' fees are available under the CLRA and, in certain cases, under the UCL. Cal. Civ. Code § 1780(e); Cal. Civ. Proc. Code § 1021.5 (allowing attorneys' fees for a successful party in cases resulting in a public benefit). This amount is likewise properly included in the amount in controversy calculation. *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Guglielmino*, 506 F.3d at 700 (finding that 28 U.S.C. § 1332(a)'s amount in controversy requirement included attorneys' fees, where attorneys' fees were claims, *inter alia*, under Section 1021.5). The Ninth Circuit has established 25% of compensatory damages as "a fair estimate of attorneys' fees." *See Molnar v. 1-800-Flowers.com, Inc.*, NO. CV 08-0542 CAS (JCx), 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) (applying 25% of compensatory damages as estimate of attorneys' fees under Section 1021.5 for CAFA removal purposes); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorneys' fees."). Adding this amount to the above amount in controversy further demonstrates that the amount in controversy greatly exceeds $5 million.

/ / /
/ / /
/ / /
/ / /

CROWELL & MORING LLP
ATTORNEYS AT LAW

**D. No CAFA Exclusion Applies.**

20. This action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to CAFA, §§ 1332(d) and 1453(b).

WHEREFORE, Defendant LRNA gives notice that the above-described action pending against it in the Superior Court for the County of San Diego is removed to this Court.

Dated: February 18, 2014

Respectfully submitted,

CROWELL & MORING LLP

By:     /s *Steven D. Allison*
      Steven D. Allison

Attorneys for Defendant
Luxottica Retail North America Inc.
sallison@crowell.com

Luxottica Retail North America Inc.'s

**INDEX OF EXHIBITS**

| **Exh. #** | **Document Title** | **Pages** |
|---|---|---|
| A | State Court Record | 10-28 |
| B | Declaration of James Schuster | 29-30 |